UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY ROME | CIVIL ACTION |
| VERSUS | NO. 06-2089 |
| TERRY GUILLORY, JOHN DOE, RICHARD ROE, AND DANIEL EDWARDS IN HIS OFFICIAL CAPACITY AS SHERIFF OF TANGIPAHOA PARISH | SECTION "K"(1) |

## ORDER AND OPINION

Before the Court are the "Motion for Summary Judgment" filed on behalf of plaintiff Jerry Rome (Doc, 27) and the "Motion for Summary Judgment" filed on behalf of defendants Tangipahoa Parish Sheriff Daniel Edwards, Deputy Terry Guillory, Deputy Henry Neihaus, and Deputy Dale Athman (Doc. 26). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, denies the motion filed on behalf of plaintiff Jerry Rome and grants the motion for summary judgment filed on behalf of all defendants.

BACKGROUND

In February 2005 Jerry Rome was charged in Tangipahoa Parish with solicitation of a prostitute alleged to be a minor, in violation of La. Rev. Stat. 14:83. On May 5, 2005, Terri Rome, Jerry Rome's daughter, called the dispatch operator at the Ponchatoula Police Department and reported that after she confronted her father about his arrest, he loaded a pistol and left the house stating that he was going to the police station to kill an officer. Terri Rome gave the police dispatcher an description of the truck being driven by her father. Ms. Rome also communicated the same information to the Tangipahoa Parish Sheriff's Office ("TPSO"). Thereafter a dispatcher with the TPSO broadcast the information provided to TPSO deputies.

Deputy Terry Guillory received a dispatch from the TPSO directing him to obtain statements from Terri Rome and Dixie Catoire, Mr. Rome's ex-wife, concerning Mr. Rome's actions and statements. After hearing the TPSO dispatch, Deputy Henry Neihaus located Mr. Rome's truck and conducted a traffic stop of the vehicle. After hearing the TPSO dispatch, Deputy Dale Athman arrived at the scene of the traffic stop, advised Mr. Rome of his rights and placed him under arrest for simple assault. Prior to arresting Mr. Rome, Deputy Athman saw a gun on the console of Mr. Rome's truck. Deputy Athman retrieved the gun, and then arrested Mr. Rome. After Deputy Neihaus conducted the traffic stop, but prior to Mr. Rome's arrest, Deputy Guillory arrived at the scene of the traffic stop.

Jerry Rome filed suit against Daniel Edwards in his official capacity as Sheriff of Tangipahoa Parish, Deputy Terry Guillory, Deputy Henry Neihaus, and Deputy Dale Athman alleging that his constitutional right were violated due to his unlawful seizure and the excessive force used during his arrest. Mr. Rome seeks damages and attorney fees pursuant to 42 U.S.C. §1983 and §1988. Additionally Mr. Rome asserts state law claims for aggravated assault and malicious prosecution.

Plaintiff filed a motion for summary judgment seeking an order that his arrest was unlawful because it failed to meet the requirements for a warrantless arrest as established by Louisiana Code of Criminal Procedure Article 213. Defendants filed a cross-motion for summary judgment seeking dismissal of plaintiff's claims.

## LAW AND ANALYSIS

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the

initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) *(quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. "[M]ere allegations or denials" are not sufficient to defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e). The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### a) Unlawful Seizure

It is undisputed that Jerry Rome was not arrested pursuant to a warrant. However, arresting an individual without a warrant is not per se a violation of the Fourth Amendment. A warrantless arrest is constitutional if it is based on "probable cause." *Crouch v. Sanchez*, 277 F.3d 1374, (5th Cir. 2001).

> Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense. The presence of probable cause is a mixed question of fact and law.

*Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000)(internal citation omitted).

The deposition testimony of Deputies Guillory, Neihaus, and Athman establishes that they received a dispatch from the TPSO dispatcher stating that Jerry Rome had left his home in a truck, armed with a loaded handgun, with the intent to go to the Ponchatoula Police Department to shoot a police officer. That evidence is undisputed. Although Mr. Rome denies stating that he intended to shoot a Ponchatoula police officer, that disputed fact is not material to the determination of probable cause. The determination of whether there was probable cause to arrest Mr. Rome turns on what information the police officers possessed at the time of Mr. Rome's arrest, not on Mr. Rome's actual actions and statements prior to leaving home. Because there is no dispute concerning the officers' knowledge at the time of Mr. Rome's arrest, the Court turns to the ultimate determination of whether there was probable cause for the arrest, a question of law.

At the time of plaintiff's arrest the officers knew: 1) that Jerry Rome had stated that he was going to the Ponchatoula Police Department to shoot a police officer; 2) that he loaded his gun before he left his house; 3) that he took his gun with him when he left his house; and 4) that he left his house driving a truck. The officers also knew that when Mr. Rome was intercepted, he was driving a truck and was approximately 1.5 miles from the Ponchatoula police station. Additionally, at the time that Deputy Athman arrested Mr. Rome he knew that Mr. Rome had a gun in his truck.

Considering the totality of the circumstances, the Court concludes that there was probable cause to arrest plaintiff for simple assault.[1] Assault is defined, in pertinent part, as an attempt to commit a battery. La. Rev. Stat. 14:36. "Attempt" is not defined in §36. However, because "assault" is an attempted battery, La. Rev. Stat. 14:27 which criminalizes the attempt to commit an offense is instructive as to the meaning of "attempt." The Court recognizes that there is no crime of attempted assault in Louisiana, and cites §27 solely to demonstrate how attempt has been defined relative to crimes other than battery. La. Rev. Stat. 14:27(A) provides that "[a]ny person who having a specific intent to commit a

---

[1] Simple assault is "an assault committed without a dangerous weapon." La. Rev. Stat. 14:38.

4

crime, does or omits an act for the purpose of and tending directly toward accomplishing of his object is guilty of an attempt to commit the offense intended." The statute further provides that "searching for the intended victim with a dangerous weapon with the intent to commit a crime" is sufficient to constitute an attempt to commit a crime." La. Rev. Stat. 14:27(B). That is precisely the situation involved herein. The officers had been told that Mr. Rome had left his home with a dangerous weapon headed for the police station with a stated intent to shoot a police officer. Considering the totality of the circumstances the officers had probable cause to arrest Mr. Rome. Therefore, the arrest did not constitute an unlawful seizure under either federal or state law.

b) Excessive Force

Plaintiff also asserts a claim that the officers utilized excessive force in arresting him. Specifically, Mr. Rome alleges in his complaint that he was handcuffed and "made repeated requests for the defendant deputies to loosen the handcuffs as they were extremely tight and were causing pain in the plaintiff's hands and wrists." Doc. 1, p. 3. Additionally, in his opposition to the defendants' motion for summary judgment plaintiff asserts that while being arrested the officers "forced him on the ground and kneed him in the back," that he complained of shoulder pain while handcuffed, and that he sustained a shoulder injury which required medical attention. Doc. 30, p. 10-11.

To prevail on an excessive force claim, a plaintiff must establish: "(1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007). Accepting as true plaintiff's assertions that the handcuffs were extremely tight, that the handcuffs caused pain in plaintiff's hands and wrists, that he sustained a shoulder injury, and that the deputies forced him to the ground and kneed him in the back, defendants are nevertheless not entitled to summary judgment.

To satisfy the "injury" prong of an excessive force claim, the asserted injury must be more than *de minimis*. *Id*. To determine whether an injury allegedly caused by excessive force is more than *de minimis*, the Court must examine the context in which the force was employed. *Williams v. Bramer, 180* F.3d 699, 703 (5th Cir. 1999).

> The amount of injury necessary to satisfy our requirement of some injury and establish a constitutional violation is directly related to the amount of force that is constitutionally permissible under the circumstances.
>
> What constitutes an injury in an excessive force case is therefore subjective– it is defined entirely by the context in which the injury arises.

*Id.* at 703-04.

All of Mr. Rome's alleged injuries occurred in the context of the arrest itself, i.e., while the officers restrained Mr. Rome on the ground before handcuffing him and thereafter due to the use of handcuffs. It is axiomatic that "minor incidental injuries that occur in connection with the use of handcuffs to effectuate an arrest do not give rise to a constitutional claim for excessive force." *Freeman v. Fore*, 483 F.3d at 417. Plaintiff has not submitted any competent Rule 56 evidence establishing that the injuries he sustained were more than "minor incidental injuries that occur in connection with the use of handcuffs to effectuate an arrest." Nor has Mr. Rome provided evidence establishing a cause for his injuries other than the normal use of handcuffs. Because plaintiff has failed to submit competent Rule 56 evidence sufficient to raise a genuine issue of material fact concerning the use of excessive force, the Court grants defendants' motion for summary judgment seeking dismissal of plaintiff's claim for excessive force.

New Orleans, Louisiana, this 27th day of May, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE